## LEECH & GIBSON vs. PIRANI.

Construction of the statute concerning general bonds.

Bail bonds are not embraced either by the provisions or design of the chapter of the Revised Statutes concerning penal bonds.

In suit on a bail bond, the declaration being good, and the breaches well assigned, upon default the plaintiff is entitled to judgment, without a writ of enquiry, the amount of damages being the recovery in the original suit, with interest, which appears in the declaration. The Court may make the computation, or order it to be made by the clerk.

In strict law, the judgment in such cases should be for the penalty, and nominal damages and costs; the real damages stated on the record, and execution as in ordinary cases, except that the officer should be directed to stay proceedings when he should have levied the damages assessed, and costs; which sums should be endorsed on the execution.

But, if the judgment is entered directly for the damages, it is a mere informality, and no ground of error.

Leech & Gibson vs. Pirani.

THIS was an action of debt upon a bail bond in a civil case, tried in the Pulaski Circuit Court, in November, A. D. 1842, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Pirani declared on a bail bond, taken upon a *capias ad resp.* sued out by him against Lemuel Bradley, in which Gibson and Leech were securities. The declaration was in the common form on penal bonds, the breaches being properly assigned therein. The declaration contained two counts, and demanded as the debt $400. The penalty of the bond was $200. Bradley not being served with process, the suit was discontinued as to him. Leech craved oyer, which was granted, and he said nothing further. Gibson made default, and judgment was rendered, without empanneling a jury, for the debt and damages recovered in the original suit, each separately, and the costs in that suit, and the costs of the present suit. The defendants brought error.

*Pike & Baldwin,* for plaintiffs in error, contended that the suit should have proceeded in accordance with the statute, and that the judgment was irregular and illegal.

*W. & E. Cummins,* contra. The default admitted the truth of the declaration, (1 *Tidd's Pr.* 505; *Bales vs. Loomis,* 5 *Wend.* 134), and the bond thereby became a bond conditioned to pay money; and the Court could properly assess the damages and give judgment, without reference to the penalty. *Ch.* 112, *Rev. St., sec's* 1, 4; *ch.* 116, *sec.* 80.

The statute of 8 *and* 9 *William III., ch.* 11, *sec.* 8, (1 *Tidd's Pr.* 509), required the intervention of a jury, in all actions on penal bonds embraced by the statute, to ascertain the truth of the breaches, and assess the damages. This act extended as well to covenants in the deed sued on, as to covenants in another deed. 2 *Burr.* 824, 826. 1 *Saund. Rep.* 57, *n.* 1. It makes no distinction between bonds conditioned to pay money and to perform covenants. *Sec.* 5, &c., of *ch.* 112, *Rev. St.,* is no broader in its language than the English statute. The 8 *and* 9 *W. III., ch.* 11, *sec.* 8, did not embrace bail bonds, (*Moody, ass. &c. vs. Pheasant,* 2 *Bos. and Pul.* 446), replevin bond, (*Middleton vs. Bryan,* 3 *M. and S.* 155), *post obit* bonds, (*War-*

*den vs. Fermer*, 2 *Camp.* 285), bonds to chancellor, &c., (*Smithers vs. Edmonson*, 3 *East.* 16); nor any bonds, against the penalty of which the courts could relieve, under 4 *Ann, ch.* 16, *sec.* 13. The latter act is substantially re-enacted in *sec's* 1, 2, 3, *and* 4, *of ch.* 112, *Rev. St.;* and as relief could have been had against the penalty, under them as under the *st. of Ann,* the bond will be construed not to be embraced in the provisions of *sec.* 5, &c., of same chapter. But *Moody vs. Pheasant,* cited above, is conclusive that bail bonds are not included in latter sections.

Upon default, the Court properly assessed the damages. *Gould vs. Hammerly*, 4 *Taunt.* 148. *Denison vs. Mair,* 14 *East*, 622. *Holdipp vs. Otway,* 2 *Saund. Rep.* 107. *Byron vs. Johnson,* 8 *T. R.* 410. 6 *Taunt.* 356. *Campion vs. Crawsby,* 2 *Marsh.* 56, *S. C. Berthen, vs. Street,* 8 *T. R.* 326. *McCullum vs. Barkier,* 3 *J. R.* 153. *Sec.* 80, *ch.* 116, *Rev. St.*

*By the Court,* Ringo C. J. The plaintiffs in error insist that "the judgment is wholly irregular and illegal, violating every statutory provision on the subject," but they do not point out the particulars of such irregularity or illegality, or show in what respect the statutory provisions on the subject have been violated. The defendant contends that the proceedings and judgment conform in every respect to the rules of law, and the provisions of the statute prescribing certain rules of proceeding in actions on penal bonds. The provisions here referred to are contained in the 112th chapter of the Revised Statutes of this State, page 608, *et seq.,* the first section of which declares that, "in all actions brought upon bonds to which there is a condition or defeasance annexed by which the same is to become void on the payment of a less sum, the plaintiff shall set out the condition in his declaration, and may assign as many breaches as he may think proper. The second section provides that "the defendant in such action may plead payment of the principal sum and interest due by the condition of such bond, before the commencement of such action, in bar thereof, although the payment was not strictly according to such condition." The third section prescribes that, "whenever any action shall be pending on such bond, the defendant may, at any

time before judgment rendered in such action, pay the plaintiff, or bring into Court for the plaintiff's use, the principal sum and interest due on such bond, together with the costs in such action, and thereupon such action shall be discontinued." The fourth section enjoins that, "if judgment be recovered on any such bond, such judgment shall be rendered for the sum of money really due, according to such condition, with interest and costs, and execution shall issue thereon accordingly." The provisions here quoted embrace, according to their literal import, all such actions as are founded on any bond "to which there is a condition or defeasance annexed, by which the same is to become void *on the payment of a less sum,*" but do not extend to any other description of obligation, or to any other class of actions. The fifth section of the same statute enacts, that, "when an action shall be prosecuted in any court of law, upon any bond, for the breach of any condition, *other than for payment of money,* or shall be prosecuted for any penal sum for the non-performance of any covenant or written agreement, the plaintiff, in his declaration, shall assign the specific breaches for which the action is brought?" The provisions of this section, according to their literal import, extend to, and include, all actions upon bonds with condition other than for the payment of money, but according to the obvious design of the law, their application must be restricted to actions of debt upon such bonds, because the proceedings and judgment prescribed by the subsequent provisions of the same statute are, in some respects, utterly inconsistent with the forms prescribed by law in other actions, and are adapted only to that particular form of remedy. And there is no reason to believe that it was the design of the Legislature to change either the forms of proceeding, or the judgment in other actions, and thereby make them appropriate, as a statutory remedy, for the enforcement of this class of obligations. Nine of the sections next succeeding the fifth section above quoted, prescribe and regulate the proceedings and judgment in such action, on the class of obligations mentioned in the fifth section, other than official bonds. And the provisions of the remaining thirteen sections apply to suits founded on official bonds, and the "bonds of executors, administrators, guardians, and others required by law to give bond, with condition for the performance of any duty or trust,"

16

which, together with the preceding nine sections, prescribe the reme-
dy, that is, the manner of proceeding and the judgment to be pro-
nounced in all actions of debt founded on any such bond or obligation
as is mentioned in the fifth section, including the execution, and, in
some cases, other proceedings upon the suggestion of further breaches
of the condition of the bond sued on.

From an attentive consideration of the several provisions of the
statute above mentioned, it appears to us manifest that it was the de-
sign of the law to distinguish " bonds to which there is a condition or
defeasance annexed, by which the same is to become void on the
payment of a less sum," from those with " any condition other than for
payment of money;" and to prescribe different rules of proceeding in
actions of debt founded upon the former, from those prescribed in like
actions founded upon the latter; and even in actions based upon obli-
gations of the latter description, to provide essentially other rights, and
prescribe a mode of proceeding, in some respects materially different,
in actions founded on official bonds, and the bonds of executors, ad-
ministrators, guardians, and others required by law to give bond with
condition for the performance of any duty or trust, from those based
upon other obligations; thus making, and in many respects prescribing,
different rules for three distinct classes of cases: For instance, in cases
of the first class—that is, where the action is founded on bond with
condition to become void on the payment of a less sum, the defendant
may plead payment of the principal sum and interest due by the con-
dition of such bond, before the commencement of the action, in bar
thereof; or may, at any time before judgment rendered in such action,
pay to the plaintiff, or bring into Court for the plaintiff's use, the prin-
cipal sum and interest on such bond, together with the costs in such
action, and have the action discontinued. And, if judgment be re-
covered on any such bond, such judgment shall be rendered for the
sum of money really due, according to such condition, with interest
and costs, and execution shall issue accordingly. In actions on obli-
gations of the second description—that is, on bonds with " any con-
dition other than for the payment of money," the plaintiff, in his de-
claration shall assign the specific breaches for which the action is
brought;" and, "upon the trial of such action, if the jury find that any

Leech & Gibson *vs.* Pirani.

assignment of such breaches is true, they shall assess the damages occasioned by the breach, in addition to their finding;" and if "the plaintiff shall obtain judgment upon demurrer, by confession or default, the Court shall make an order therein, that the truth of the breaches assigned be inquired into, and the damages sustained thereby assessed, at the same or the next term, and the Court shall proceed thereon in the same manner as in other cases of inquiry of damages;" and "the verdict assessing the damages shall be entered on the record, *and judgment shall be entered for the penalty of the bond, or for the penal sum forfeited, as in other actions of debt, together with costs of suit, and with a further judgment that the plaintiff have execution for the damages so assessed, which damages shall be specified in the judgment;"* and "the execution on such judgment shall be in the usual form in actions of debt, reciting the recovery, and directing the sheriff to levy the amount of damages so assessed, which amount shall be stated, with interest thereon from the time of such assessment, and the costs of suit;" but, "if the amount so directed to be levied, shall be collected, or otherwise paid or satisfied, the real and personal estate, and body of the defendant, shall be exonerated from further liability for the damages so assessed; but the judgment rendered for the penalty of the bond shall remain as a security for any damages that may be thereafter sustained by the further breach of any condition of such bond, or the non-performance of any other covenant or written agreement by the defendant, the performance of which was secured by such penal sum;" and the plaintiff, or his personal representatives, whenever such further breaches shall occur, may have a *scire facias* upon such judgment suggesting such breaches, against the defendant and all parties bound thereby, commanding that they be summoned to show cause why an execution should not be had upon such judgment, for the amount of damages sustained by such further breaches, and the like proceedings, to ascertain such damages, shall be had upon such writ as provided in the original suit on the bond; and, if the plaintiff recover, judgment shall be rendered that he have execution to collect the amount of damages assessed, and costs; and the execution issued on such judgment shall have the like effect, and be proceeded on in all things as in the first instance; but the judgment shall remain as a se-

curity for further breaches, and so on, as often as occasion may require.

These are the principal rules prescribed by the statute relating to, and regulating, the proceedings in actions on bonds of the second class, other than those on official bonds, and the bonds of executors, administrators, guardians, &c., in which some important additional rules are prescribed, which we think it unnecessary to mention, as it must be apparent from those already mentioned, that the rules prescribed in actions on such bonds as are mentioned in the first section, are by no means, in every respect, the same as those relating to actions on such bonds as are mentioned in the fifth section above quoted. In the former, the judgment must be for the sum really due, according to the condition of the bond, with interest, instead of for the penalty of the bond sued on; and, of course, there can be no further proceeding on such bond to recover other damages, for it does not (as the judgment for the penalty of the bond is made to do in the second class of cases,) stand as a security for further breaches of the condition, which, indeed, could seldom, if ever, occur in such case, as, upon the recovery, or at least when the judgment for the money due according to the condition is paid or otherwise satisfied, the bond by law becomes void, notwithstanding the money shall not be paid at the time stipulated in the condition; nor is there any provision of law requiring, in this class of cases, the truth of the breaches assigned to be inquired into by a jury, or requiring a jury to assess the damages sustained thereby, as there is in actions founded upon bonds of the second class, when the plaintiff has "judgment upon demurrer, by confession or default." But the question as to which class of bonds a bail bond is to be considered as belonging; that is, whether it is of that description or class of bonds mentioned in the first, or of those mentioned in the fifth section of the statute, and whether it is or is not embraced by the provisions of said statute, remains to be decided. Its condition is in the form prescribed by statute: *Rev. St. Ark.*, *ch.* 116, *sec.* 16: that, if the defendant in the original action shall be and appear at the said Court, &c., " and, if judgment be given against him at that, or any subsequent term of said Court, shall have the debt and costs of suit, or surrender himself in execution, or his securities shall do it for him." This condition is

Leech & Gibson *vs.* Pirani.

certainly not within the express letter of the first section of the statute, because it does not, in terms, state or set forth a sum of money less than that mentioned in the bond, with a stipulation that, upon the payment of such sum, the bond shall become void; but, besides the condition that it shall be void upon the payment of the debt sued for in the original action, and costs of suit, contains the further stipulation that it shall also be void, if the defendant in the original action shall appear at the term of the Court to which the original process therein was returnable; and, if judgment be given against him at that or any subsequent term of said Court, surrender himself in execution; or, if his securities shall do it for him, from which it appears, evidently, that the bond may be defeated or become void otherwise than by the payment of a less sum. Nor is it an obligation within the letter of the fifth section; for, although some of the conditions are not specifically for the payment of money, yet there is in the condition the express stipulation that, if judgment be given against the defendant in the original action, and he " shall have the debt and costs of suit," or " his securities shall do it for him," the obligation shall be void; which is equivalent to a condition to pay the amount recovered in the original action, when judgment therefor shall be given, if the plaintiff recover therein. Consequently, as the condition is not singly either " for the payment of a less sum," or for " any thing other than the payment of money," but is such that the bond may be discharged or rendered void, either by the surrender of the defendant's body in execution, or by payment of the money adjudged to the plaintiff in the original action, it cannot be regarded as a condition other than for the payment of money. In addition to which, we consider it perfectly manifest, from the whole tenor of the statute under consideration, that it was made in favor of defendants, and is a remedial law, calculated to give plaintiffs relief, up to the extent of the damages sustained, and to protect defendants against the payment of further sums than are in conscience due, and also to take away the necessity of proceeding in equity to obtain relief against an unconscientious demand of the whole penalty, in cases where a less sum in damages have accrued. And therefore, as the courts possess the power of relieving bail without their being compelled to resort to a court of equity, bail bonds are not

in our opinion, embraced, either by the provisions or design of the statute above cited, prescribing certain rules of proceeding in actions on such penal bonds and obligations as are mentioned therein. *Rev. St. Ark., ch.* 112, *p.* 608. It has also been held, in England, that the statute of 8 *and* 9 *W. III., ch.* 11, *sec.* 8, the provisions of which are, in many respects, very similar to those of our statute, does not extend to bail bonds. 2 *B. and P.* 446, *Moody vs. Pheasant.* 1 *Saund. Rep.* 58, *note* (1,) *note* (a.)

The proceedings, therefore, in actions of debt, on bail bonds, although not governed or regulated by our statute concerning " penal bonds," must, nevertheless, conform to such rules of law and practice as are applicable thereto; and, if they fail to do so in any essential particular, and the defendants below are prejudiced or injured thereby, the judgment should be reversed.

As before stated, the action is debt, and the judgment was rendered against the defendants below upon their default; that is, the default of one to appear to the action, and of the other to plead thereto after his appearance, and the grant of oyer on his prayer. The breaches of the condition of the bond are assigned in the declaration, and show a recovery in the original action in the Court into which the *capias ad respondendum* was returnable, at the term thereof to which it was returnable, in favor of the plaintiff against the defendant therein, on the 12th day of March, 1841, for the sum of $138 50 debt, and $7 84 damages, and costs of suit taxed at the sum of $16 22; the suing out thereon of an execution to the county, in which the original *capias ad respondendum* was executed, against both the property and body of the defendant, Bradley, and the return thereof by the proper officer, that there was no property of said defendant whereon to levy said execution, and that he could not be found, and therefore that said execution remained wholly unsatisfied; that Bradley, the defendant in the original action, did not appear at the term of the Court to which such original process was returnable, or at any time thereafter, and have the debt and costs of suit recovered in said action, or any part thereof; nor did he surrender himself in execution, and that his securities did not do the same for him, with a negative of the payment of the debt demanded, or any part thereof, by either Bradley, the de-

fendant in the original action, or the defendants below, impleaded with him in this suit; and that the plaintiff below had, by means thereof, been damnified to the amount of $300. The declaration also shows the filing of the declaration against Bradley, in the original action, the affidavit and order of bail endorsed thereon, the issuing of the *capias ad respondendum*, the endorsement thereon for bail, the arrest of the defendant Bradley, thereon, by the proper officer, and his discharge from prison and custody, upon giving the bail and bond on which this action is based. No objection, as before remarked, has been made to the declaration; and it is, in our opinion, substantially good, and the truth of the facts therein sufficiently pleaded; being, in this aspect of the case, admitted by the defendants below, there can be no doubt that the plaintiff was entitled to a judgment against them, and there was no necessity for a writ of enquiry, as the criterion of damages was the amount of the recovery against Bradley, in the original action, (provided it did not exceed the penalty of the bond), with interest; which being fully shown by the pleadings, and admitted by the defendants below, nothing remained to be done, except to compute the interest accrued on the judgment in the original action, and add it to the amount of such judgment, and thus ascertain the amount of damages to which the plaintiff was entitled by law, in this action, against the bail; and such computation the Court was authorized by law to make, or by an order for that purpose, cause to be made by the clerk. The rule being well established that, where the damages are mere matter of figures, and it is perfectly clear what the damages must be, the Court may always assess them, upon judgment by default, or *nil dicit*. *2 Saund. Rep.* 107. *Holdipp vs. Olway*, and *note* (2), and (*a*), (*b*), and cases there cited. The damages in this case were, therefore, legally assessed by the Court; but, in point of form, the damages so assessed should have been merely stated on the record; and, instead of the judgment being entered therefor, as in this case, it should have been entered for the debt or penalty of the bond, and damages merely nominal, together with the plaintiff's costs, upon which execution would issue, as in ordinary cases, except an additional direction to the officer to stay further proceedings thereon, when he shall have levied thereon the damages assessed by the Court; or, if such damages be not assessed,

the amount adjudged to the plaintiff in the original action, with interest, and also his costs of suit on the bail bond, which sum, in either case, should appear on the execution; and, upon the same being satisfied, the Court would always stay further proceedings on such judgment, and, as we apprehend, would now direct a satisfaction thereof to be entered. Yet, notwithstanding the judgment in this case is not regularly entered up for the debt or penalty of the bond, as it ought to have been, but only for the damages assessed by the Court, we cannot perceive how any injury can possibly result to the plaintiffs in error, in consequence of such informality, as neither the nature nor extent of their liability to the plaintiff is thereby changed; and as the Court is clearly authorized to enter up final judgment in the cause against them, the informality in it is, in our opinion, no error of which they have a right to complain, or of which they can avail themselves, so as to obtain a reversal thereof on a writ of error.

Judgment affirmed.